IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

COURTNEY L. JOHNSON,
    Reg. No. 21729-043

    Petitioner,

v.    Case No. 5:22cv184-TKW-MAL

WARDEN PISTRO,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court due to Petitioner's failure to comply with a Court order.

Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on August 31, 2022. Doc. 1. Petitioner sought application of sentencing credits she claims she is due under the First Step Act. The Court directed Petitioner to file an amended petition, which she did in November of 2022. Doc. 10. The amended petition was not signed, however, and she was directed to file a second amended petition. Doc. 11. Petitioner did not file her second amended petition, despite having been warned that failure to do so could result in dismissal of her case.

On December 29, 2022, the Court entered an Order to Show Cause why this case should not be dismissed for Petitioner's failure to comply with a court order. Doc. 12. The order provided that the show cause order would be discharged if Petitioner complied with the November 17, 2022 order within the time provided. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of her case, her petition should be dismissed without prejudice.

Although not dispositive of the question of dismissal, the Court also notes that Petitioner's release date, which was previously set at April 16, 2028, has recently

changed to May 22, 2027, which may have affected her interest in pursuing this petition. *See* https://www.bop.gov/inmateloc/

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's amended petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on January 23, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.